

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2008

# Limanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4255

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Limanto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4255
_____

TOENDORO PRASETYO LIMANTO,

Petitioner,


v.


ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79-734-293)
Immigration Judge: Honorable Miriam K. Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2008

Before: SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed:  May 12, 2008  )

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

Toendoro Prasetyo Limanto petitions for review of an order of the Board of

Immigration Appeals (BIA) finding him ineligible for withholding of removal. We will

deny the petition.

## I.

Limanto is a native and citizen of Indonesia and an ethnic Chinese Christian. He

arrived in the United States as a non-immigrant visitor on July 8, 1999 and overstayed his

visa. At a hearing on May 29, 2003, Limanto conceded that he was subject to removal.

On July 3, 2003, Limanto filed applications for asylum and withholding of

removal. Immigration Judge (IJ) Miriam K. Mills denied Limanto's asylum application

as time-barred and denied his application for withholding of removal on the merits.

Limanto appealed only the IJ's denial of withholding of removal to the BIA. The BIA

adopted and affirmed the IJ's decision, and Limanto filed a timely petition for review.

## II.

Limanto claims that he suffered past persecution in Indonesia on account of his

Chinese ethnicity and Christian faith and that he faces a clear probability of future

persecution if he is forced to return. At an evidentiary hearing before the IJ, Limanto

described a series of events in support of his claim of past persecution in Indonesia. First,

he testified that on May 13, 1998, his neighbor's house was burned down during a riot.

Next, he testified that on June 13, 1998, a group of Muslim youths stole and set fire to his

2

motorcycle. Finally, he testified that while attending church, he and his fellow parishioners were about to be attacked by a group of Muslims when police responded to a call from church security and thwarted the attack.

With regard to his claim of a clear probability of future persecution, Limanto testified that, while the situation in Indonesia is improving, he still fears returning because of the Muslim population's hatred of Chinese Christians. Limanto also indicated that his entire family has remained behind in Indonesia and, although his wife "feels afraid," is "always moving around," and is afraid to attend church, his family has not been harmed during his absence.

## III.

Where, as here, the BIA adopts the IJ's findings and also discusses specific parts of the IJ's decision, we review both decisions. *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). We review the IJ's factual determinations under the substantial evidence standard, under which they must be upheld unless the record evidence would compel a reasonable factfinder to conclude to the contrary. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003).

## IV.

To qualify for withholding of removal, an alien must show a clear probability that his life or freedom would be threatened on account of one of the statutorily-protected grounds. 8 U.S.C. § 1231(a)(3)(A); 8 C.F.R. § 1208.16(b). If the alien demonstrates past

3

persecution on account of one of the protected grounds, he is entitled to a presumption that his life or freedom would be threatened upon his return. 8 C.F.R. § 1208.16(b)(1)(i). Alternatively, if the alien cannot establish past persecution, he may qualify for relief by showing that it is more likely than not that he would be persecuted if returned. 8 C.F.R. § 1208.16(b)(2).

Though the INA does not define persecution, this Court recognized it as an "extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1993). In *Fatin*, we described persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id*. at 1240. Although the thwarted church attack and the destruction of Limanto's motorcycle and a neighbor's home are undoubtedly troubling, they nevertheless fail to meet the stringent standard articulated in *Fatin*. Accordingly, we hold that substantial evidence supports the IJ's factual determination that Limanto did not suffer past persecution in Indonesia.

Limanto has also failed to establish that he faces a clear probability of persecution if returned to Indonesia. In order to meet the less stringent "well-founded fear" standard that is applicable to asylum claims, Limanto must show either that he faces an individualized risk of persecution if returned or that there is a "pattern or practice" of persecution of ethnic Chinese Christians in Indonesia. *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005). Limanto has presented no evidence to show that he would be singled out

4

for persecution upon his return. Furthermore, though the country condition reports that Limanto has submitted indicate that some anti-Chinese Christian violence persists in Indonesia, this nevertheless does not rise to the level of a "pattern or practice" of persecution. *See id.*[1] Limanto's claim is also undermined by the continued presence of his family members in Indonesia without apparent harm. *See id.* (*citing Hakeem v. INS, 273 F.3d 812, 816 (9th Cir. 2001)*).

Therefore, because Limanto has "fail[ed] to establish the well-founded fear of persecution required for a grant of asylum, he . . . will, by definition, have failed to establish the clear probability of persecution required for withholding of deportation." *Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003).

For the foregoing reasons, we will deny the petition for review.

---

[1] As the IJ noted, the 2004 country condition reports submitted by Limanto show that conditions for Chinese Christians in Indonesia have actually improved since the 1999 reports deemed insufficient to demonstrate a "pattern or practice" of persecution in *Lie*.